IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRAVIS BECK | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-2392-K-BD |
| | § | |
| DALLAS POLICE DEPARTMENT, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

### FINDINGS AND RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Travis Beck, a Texas prisoner, against the Dallas Police Department, former Dallas Police Chief David Kunkle, and a Dallas police officer identified only as "Kenneth." On November 23, 2010, plaintiff tendered a complaint to the district clerk and later filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on December 20, 2010. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

## II.

On or about December 14, 2008, plaintiff was allegedly assaulted by a Dallas police officer identified only as "Kenneth." Plaintiff contends that the officer stopped him for no reason, struck him with a "billy club," and slammed him to the ground. (*See* Plf. Compl. at 4, ¶ V; Mag. J. Interrog. #1(b), 4). As a result of this unprovoked attack, plaintiff allegedly suffered numerous personal injuries, including a concussion and memory loss. (*See* Mag. J. Interrog. #4). Plaintiff now sues "Officer Kenneth," together with the Dallas Police Department and its former chief, for civil rights violations under 42 U.S.C. § 1983.

### A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*,

127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom., Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that plaintiff has failed to state a claim against the Dallas Police Department. "Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes*, No. 3-07-CV-1476-M, 2007 WL 4403983 at *2 (N.D. Tex. Dec. 17, 2007) (citing cases). Because plaintiff fails to allege or otherwise demonstrate that the Dallas Police Department is a separate legal entity having jural authority, his claims against this defendant must be dismissed. *See Youl Suh v. Dallas Police Dept.*, No. 3-06-CV-2115-L, 2006 WL 3831235 at *2 (N.D. Tex. Dec. 29, 2006), *appeal dism'd*, No. 08-10233 (5th Cir. Apr. 30, 2008) (recognizing that Dallas Police Department is not a proper defendant with jural existence).

C.

Nor can plaintiff sue former Dallas Police Chief David Kunkle. In his interrogatory answers, plaintiff accuses Kunkle of failing to properly train the officer who beat him. (*See* Mag. J. Interrog. #6). However, no facts are alleged to support that conclusory assertion. Moreover, a single incident of excessive force is insufficient to establish liability based on a failure to train. *See Estate of Davis v. City of North Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005), *citing Snyder v. Trepagnier*, 142 F.3d 791, 799 (5th Cir. 1998), *cert. dism'd*, 119 S.Ct. 1493 (1999) (to establish supervisory liability for failure to train, plaintiff must demonstrate "at least a pattern of *similar incidents in which citizens were injured*") (emphasis in original). Plaintiff's claims against this defendant should be summarily dismissed.

D.

That leaves plaintiff's excessive force claim against "Officer Kenneth." Although some courts have allowed the fictitious or incomplete designation of defendants where their true identities can be learned only through discovery, *see Gallegos v. Slidell Police Dept.*, No. 07-6636, 2008 WL 1794170 at *2 (E.D. La. Apr. 18, 2008) (citing cases), a plaintiff must identify potential defendants with enough specificity to enable the court to direct service of process. *See Myers v. Doe*, No. 3-10-CV-0493-P, 2010 WL 2367365 at *1 (N.D. Tex. Apr. 14, 2010), *rec. adopted*, 2010 WL 2367357 (N.D. Tex. Jun. 7, 2010), *citing Staritz v. Valdez*, No. 3-06-CV-1926-D, 2007 WL 1498285 at *2 (N.D. Tex. May 21, 2007). Here, plaintiff was given an opportunity, through written interrogatories, to identify "Officer Kenneth." In response, plaintiff states that the officer "is a while male in his mid 30's with dark hair[,] tall slender built from 190 to 200 pounds[.]" (*See* Mag. J. Interrog. #7). That physical description is far too general to ensure that the proper defendant is served. Plaintiff also invites the court to obtain copies of his medical records and the arrest report, which may help identify the proper defendant. (*See* Mag. J. Interrog. #2). However, plaintiff does not explain why *he* could not obtain those records in the nearly two years since the incident. Under these circumstances, dismissal is proper. *See Myers*, 2010 WL 2367365 at *1.

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place

in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 23, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE